BENJAMIN B. CLAY, assignee, *vs.* ELISHA TOWLE.

Kennebec.    Opinion January 8, 1886.

*Equity practice.    Insolvency.    Creditors' petition.    New creditor joining.*
*Preference.    Corporation.    Director.    Mortgage.*

An answer upon oath, to a bill in equity, that does not call for answer upon oath, does not operate as evidence of the facts stated in it.

An unsecured creditor may join in a creditor's petition against an insolvent debtor at any time while the same is pending.

Upon such petition an adjudication of insolvency takes effect from the date when the petition was filed, and the validity of all transfers of property by the debtor is to be determined with reference to that date.

It is the duty of a director to know the financial condition of his corporation, and he cannot avail himself of any dereliction of such duty to secure a personal advantage over other creditors of the corporation.

A mortgage given by an insolvent corporation to secure an existing debt, with intent to give a preference to a creditor, having reason to believe that the corporation was insolvent, and that a preference was intended in fraud of the insolvent law, made within four months of the filing of the insolvency petition, is void, and will be so declared by courts of equity. A mortgage for a loan made at the time, given by an insolvent corporation, in the absence of fraud is valid.

The case is stated in the opinion.

The report shows that the mortgages referred to in the opinion, were given January 23, 1884, and January 24, 1884, that the petition in insolvency was filed May 21, 1884, that four creditors were allowed by the insolvent court on June 9, 1884, on motion, to join in the creditors' petition, and on June 23, 1884, on motion, four other creditors were allowed to join in that petition. Other material facts are stated in the opinion.

*Clay and Clay*, for the plaintiff, cited: R. S., c. 70, § 52; *Bingham* v. *Frost*, 6 B. R. 130; *Merrill* v. *McLaughlin*, 75 Maine, 64; *In re Hawkes*, 70 Maine, 213; *In re Roberts*, 71 Maine, 390; Bump, Bankruptcy, 417, 418, 454, 817–819; *In re Duncan*, 14 B. R. 18; *Forbes* v. *Howe*, 102 Mass. 427; *In re Silverman*, 4 B. R. 523; *Farrin* v. *Crawford*, 2 B. R. 602; *Wager* v. *Hall*, 5 B. R. 181; *Forbes* v. *Marr*, 3 B. R.

602; Bump, Fraudulent Conveyances, 574; *In re Wells*, 3 B.
R. 371; *In re Craft*, 1 B. R. 378; *In re Waite*, 1 Lowell, 407;
*Oxford Iron Co.* v. *Slafter*, 14 B. R. 380; *Toof* v. *Martin*, 6
B. R. 488; *Farrin* v. *Crawford*, 2 B. R. 602; *In re Drum-
mond*, 1 B. R. 231; *Ecfort* v. *Greely*, 6 B. R. 433; *Curtis* v.
*Leavitt*, 15 N. Y. 9; 17 Barb. 309; *Smith* v. *Moore*, 2 Cal.
524.

*Baker, Baker and Cornish* and *A. M. Spear*, for the defend-
ant, contended, that in order to give the court of insolvency
jurisdiction in a case of involuntary insolvency it must appear
that the creditors signing hold one-fourth of the provable debts.

The court may undoubtedly allow amendments and permit
new creditors to sign. *In re Hawkes*, 70 Maine, 215; *In re
Roberts*, 71 Maine, 393; *Foster* v. *Goulding*, 9 Gray, 50.

And such an amendment ordinarily relates back by fiction of law
to the date of the original petition. But this relation back can-
not prevail to destroy our vested and intervening rights secured
by our superior diligence. If there was no legal petition in
insolvency prior to May 24, 1884, then the defendant's title
under both mortgages became perfect by the lapse of four
months and any subsequent action by any of the other creditors
could not take away that title.

We submit that this principle, that no amendment by the fiction
of relation back can affect a third party or an intervening right, is
well grounded in the law and of general application. See *Malone*
v. *Samuel*, 13 Am. Dec. 180, note; *Emerson* v. *Upton* 9 Pick.
167; *Ohio Co.* v. *Urbana Co.* 13 Ohio, 220; *Banister* v.
*Higginson*, 15 Maine, 77; *Means* v. *Osgood*, 7 Maine, 149;
*Whittier* v. *Vaughan*, 27 Maine, 301; *Williams* v. *Brackett*,
8 Mass. 240; *Harmon* v. *Magee*, 57 Miss. 410; *Jordan* v.
*Corey*, 52 Am. Dec. 520, note; *Purcell* v. *McFarland*, 1 Ired.
Law, 34 (35 Am. Dec. 734, note); Tidd, § § 986, 1027; *Seawell*
v. *Bank*, 3 Dev. 284; *Milliken* v. *Bailey*, 61 Maine, 316;
*Haven* v. *Snow*, 14 Pick. 33; *Dennis* v. *Clark*, 2 Cush. 347;
61 Am. Dec. 125, note; *Wood* v. *Denny*, 7 Gray, 542;
*Denny* v. *Ward*, 3 Pick. 199; *Moulton* v. *Chapin*, 28 Maine,

505; *Whittier* v. *Varney*, 10 N. H. 291; *Fairfield* v. *Paine*, 23 Maine, 498; *Knight* v. *Taylor*, 67 Maine, 594; *Drew* v. *Bank*, 55 Maine, 452; 2 Pom. Eq. § 637 and cases; *Chase* v. *Denny*, 130 Mass. 568; *In re Hubbard*, 1 Law M. 190.

Counsel further contended, in an able argument, that the insolvent corporation was not insolvent at the time the mortgages were given, *i. e.* that the assets of the company at· that time exceeded the liabilities (not including the capital stock), and that the defendant had no reason to believe the corporation ·insolvent, or that a fraudulent preference under the insolvent law was intended by the mortgages.

HASKELL, J. Bill in equity, by assignee of an insolvent debtor, seeking to annul mortgages given to a creditor, as a preference in fraud of the insolvent law. The cause is reported, to be heard on bill, answer and proofs. The bill does not call for answer upon oath, and the answer, although verified by oath, does not operate as evidence, even as to the facts stated in it, responsive to the bill; but like ordinary pleadings, points out the issues to be determined by evidence. R. S., c. 77, sec. 15.

The bill avers the proper adjudication and the regular appointment of the assignee by the insolvent court. The answer denies both. The burden is upon the orator to prove the allegations of his bill. To do this, he produces the records of the insolvent court and the original papers on file in the case. These show an involuntary petition, not supported by the requisite number of creditors, in which other creditors, sufficient to complete the necessary quorum, were allowed to join, against the objection of the debtor, upon which the adjudication of insolvency was entered, and a regular choice and appointment of the orator assignee.

A creditors' petition against an insolvent debtor is in the nature of a bill in equity, brought for the benefit of all in like interest. At any time, while pending, an unsecured creditor may join in it, and aid its prosecution. *Re Hawkes*, 70 Maine, 213. The adjudication takes effect from the date when the petition was filed, and the validity of all transfers of property, by the

debtor, is to be determined with reference to that date.  *Re Roberts*, 71 Maine, 390.  The insolvency proceedings are valid, and take effect from the time the original petition was filed.

The debtor gave two mortgages of its real estate, alleged to be a preference to the respondent, in fraud of the insolvent law ; one bears date January 23, 1884, and is conditioned to secure the payment of four thousand dollars ; the other is dated the next day, and is conditioned to secure the payment of three thousand dollars.  The respondent was a director of the corporation at the time when he received these mortgages from it.  The evidence clearly proves the insolvency of the corporation at the time these mortgages were given.  It was unable to meet its maturing demands in the ordinary course of business.  *Lee* v. *Kilburn*, 3 Gray, 594 ; *Toof* v. *Martin*, 13 Wallace, 40.

The respondent was a director.  His duty required, that he should know the financial standing of the corporation, and he is presumed to have performed it.  If he has been recreant in guarding the interests intrusted to his care, he cannot be allowed to set up such dereliction of duty to his own profit and advantage over other creditors, who had a right to rely upon his judicious action, and discreet management, for the equal benefit of all interested in the affairs of the corporation.  *European & North American Railway Co.* v. *Poor*, 59 Maine, 277 ; *Bradley* v. *Farwell*, 1 Holmes, 433 ; *Coons et als.* v. *Torne et als.* 9 Fed. Rep. 533 ; *Koehler* v. *B. R. F. Iron Co.* 2 Black, 715 ; *Twin Lick Oil Co.* v. *Marbury*, 1 Otto, 587 ; *Imperial Mercantile Credit Association* v. *Coleman*, 6 (L. R.) Ch. 558.

This branch of the case might well rest upon these wholesome rules of law, but the artful method, contrived to blind the eyes of justice, in making these mortgages appear *bona fide*, and to have been given for a present consideration, demonstrates the fact, that a preference was intended, by both parties, in fraud of the insolvent law.

The respondent held demand notes of the corporation, more than six months old, amounting to about four thousand dollars.  On the 22d of January, 1884, he called upon the president of the corporation to pay them ; the president, thereupon, not having

sufficient funds of the corporation at his command, gave the respondent his personal note, for the amount of the demand notes of the corporation that the respondent held, payable in thirty-seven days to the respondent's order, and received in exchange, the demand notes held by the respondent. The next day, January 23, the respondent surrendered to the president of the corporation the time note he had given the day before to the respondent and received in exchange for it corporation notes, on time, aggregating four thousand dollars, and a mortgage of the real estate of the corporation, to secure their payment. The president then destroyed his personal note given to the respondent the preceding day, and surrendered to the corporation its original demand notes, that the respondent had transferred to him.

The effect of this roundabout contrivance was, to give the respondent a mortgage, to secure his debt against the corporation. No money was passed between the parties, save a few dollars to make an even four thousand dollars. If the purpose had not been fraudulent, but only an intention by a solvent debtor to secure a creditor, and thereby change a " floating debt " into a permanent loan for a specific time, which might have been a prudent operation, why this strange transaction? Why was a plain straightforward method avoided? If no fraud had been intended, and the corporation was solvent, it would have not violated the insolvent law in securing its debtor, by the usual method of business.

It is quite plain, that the four thousand dollar mortgage was given, and received, to secure a pre-existing debt, in fraud of the insolvent law, and should be adjudged invalid and decreed to be cancelled and surrendered to the orator ; but the notes, as evidence of his debt, the repondent may retain.

The next day, January 24, the respondent loaned the corporation three thousand dollars, and took a second mortgage to secure the payment of it. This loan was used to meet the pay roll and other current bills due from the corporation. Its manifest purpose was, to put the corporation in funds to meet pressing liabilities, and thereby enable it to survive its insol-

vency, possibly until the respondent's first mortgage should become old enough to withstand the insolvent law.

The bill seeks the cancellation of this mortgage, because it is a preference; but the proofs show the reverse; and because it was given to hinder and delay creditors; but the averments in the bill are too meagre and vague to warrant relief for such reason. Touching this mortgage the orator is entitled to no relief.

> *Bill sustained with costs. Decree according to this opinion.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.