FRANK LORD *vs.* CHARLES F. COLLINS.

Somerset.    Opinion March 3, 1887.

*Liens on animals.    Proceeds of sale to enforce lien.    Equity.*

The complainant procuring a sale of horses under a lien upon them for their keeping, an officer paid an excess which the horses sold for, above the amount of complainant's lien-judgment, into court, as provided by statute. The complainant, having a claim for keeping the horses from the date of his petition for sale to the date of sale, seeks to recover it from the money in possession of the court.    *Held :* That the process cannot be maintained.

ON exceptions to the ruling of the court in sustaining a demurrer to the following bill in equity :

" Somerset, ss.

" To the Honorable Justices of the Supreme Judicial Court :

" Frank Lord, of Ripley, in the county of Somerset, complains against Charles F. Collins, last of Ashland, in the state of Massachusetts, now of residence unknown, and says : That on the sixteenth day of October, 1880, he made a verbal contract with said Collins, then a resident of Dexter, Maine, to feed and shelter three colts, then owned by said Collins, for a certain time, at a price agreed.    That after the expiration of the agreed time the animals remained in possession of said Lord, said Collins neither taking them away or paying the sums due for keeping. That on the 22d day of November, A. D. 1882, said Lord, to enforce his lien for payment for keeping against said property, filed in this court, in this county, his petition for decree for enforcement of his lien for agreed price and reasonable charges of keeping to that time, and for his reasonable charges for keeping said animals pending said process and for his costs therein, which said petition was heard at the March term, A. D. 1883, and he was adjudged a lien on said animals for the sum of one hundred and ninety-eight dollars and forty cents, for amount due for said feeding and shelter at date of his said petition, and twenty-two dollars and thirty-one cents, costs of said suit, and decree was made for the sale of said animals to satisfy said lien. Under this decree the animals were sold by the officer, and from said sale a surplus amounting to the sum of one hundred and

:sixteen dollars and thirty cents was realized, over and above the :amount of said lien, costs and charges of sale, and the same was ,paid over to the clerk of court of said county of Somerset, as ;prescribed by statute, and in his hands said sum still remains. 'That from the date of said petition of lien to the time the officer ·took said animals for the purposes of said sale, said Lord kept, fed and sheltered said animals, viz. : From said 22d day of November, A. D. 1882, to April 18th, 1883, at great expense, .v.iz. :

| | | |
|---|---|---|
| For keeping largest colt during that time, | | $35.00 |
| "    " 2 smaller colts,   ($30 each) | | 60.00 |
| | Total, | $95.00 |

"That the above expenses of keeping were not allowed to him in the petition to enforce the lien, as they arose after the date of said petition and were not within the scope of the statute .authorizing such liens.

"That by reason of such necessary expense in keeping said .animals for said Collins pending said process, said Lord became a creditor of .said Collins for that amount, and still remains a ·creditor therefor as no part of the same has ever been paid or .tendered him by any person. That said Collins has absconded, ·his residence being now unknown, and he has no property that your petitioner is aware of that can be come at to be attached to satisfy his claim. That the amount of said surplus arising from sale of said property and now in the hands of the court, or its clerk, cannot be come at to be attached or taken in execution, wherefore he prays in this matter to be heard in equity and that the decree may be made in his behalf under the provision of chap. 77, section 6, article 10, of the Revised Statutes, applying the said surplus in payment of his said debt, and also allowing him his cost herein and satisfying the same from said funds, and that such further relief shall be granted him herein as under the practice in equity he shall be found entitled.

(Sworn to.)                Frank Lord."

*Thomas H. B. Pierce*, for the plaintiff.

Our bill is brought under c. 77, § 6, cl. X, R. S. The

point urged by counsel in the court below was that the lien proceedings were illegal because the remedy had been repealed. Hence the money was not in the hands of court, but in the hands of the clerk as a private individual, and he should have been made a party; conceding in express terms, as I understood his words, that if the law or remedy was not repealed by the law of 1876, then it was lawfully in the hands of the court, and the bill was a proper remedy. I understood the reason upon which the demurrer was sustained to be that in proceedings under this statute a third person must be made a party, under the decision in *Donnell* v. *Railroad Company*, 73 Maine, 567, in order to maintain a bill;—that the clerk was not made a party, hence the bill was demurrable.

I assume, for the purpose of arguing this question, that the lien proceedings were valid — that the money claimed was legally in the hands of the court and subject to its order. It is property not exempt from attachment or seizure, but so situated in the possession of the court that it cannot be come at to be attached or seized. Defendant is out of the jurisdiction of the court, and as there is no other property, complainant can have no remedy against him personally or *in rem*, because of the situation of the thing. His sole remedy is in equity to have the fund applied to the payment of his debt. The court has it — not the clerk personally. The court cannot or need not appear before itself. It can protect its rights. It can direct the disposition of what it holds in its possession. Now to say, in a case of this kind, when there can reasonably be no third party but the court itself, which is the equitable trustee, that because the court is not made a party, the complainant is without any right to the use of the power of the court in his behalf, is, to say the least, unjust.

*D. D. Stewart*, for the defendant, cited: *Webster* v. *Clark*, 25 Maine, 314; *Jones* v. *Green*, 1 Wall. 330; *Webster* v. *Withey*, 25 Maine, 326; *Caswell* v. *Caswell*, 28 Maine, 232; *Lord* v. *Collins*, 76 Maine, 443.

PETERS, C. J.   No view that can be taken of this case, on its merits, makes the bill maintainable.

It is professedly a bill in the nature of an equitable trustee process, brought under R. S., c. 77, § 6, Art. 10. It has been decided that, in such a proceeding, there must be some third party summoned in — an equitable trustee. If it were not for this necessity, creditors might too much embarrass debtors, before obtaining execution against them, against the policy of the law. *Donnell* v. *Railroad*, 73 Maine, 567.

In this case there is no third party,— no equitable trustee. And from the facts alleged, we do not see how there can be any.

If the clerk were made such party, evidently he could not be holden. He has been acting merely as the hand of the court, and not for himself. He should not be subjected to the risk and expense of a litigation. Nor does it follow that he would be holden even if acting in an individual capacity merely. We have judicial notice, from another case* before us, that a person other than the respondent claims to be a mortgage-owner of the animals which were sold. Even if the respondent's possession of the property might have invested him with authority to create a lien on the animals for their keeping, that lien cannot subsist upon the funds in question. *Lord* v. *Collins*, 76 Maine, 443.

It is impossible to make the court itself a party by its being an official depositary of the fund. The statute relied on as furnishing a remedy, cannot possibly accomplish such a thing — and was never intended to.

The result of the matter simply is, that the court has in its official possession an amount of money which can be surrendered only when the court is satisfied upon proper process, affecting proper parties, who the true owner may be. Upon no facts indicated in the case can this complainant obtain it. The complainant probably missed his own interests in procuring a sale of the property before its full value was absorbed by the lien; or, in selling more of it than was necessary to protect himself at the time of the sale — more in value than the amount of his lien.

*Exceptions overruled.*

WALTON, DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.

---

* *Collins* v. *Blake, ante* page 218.