FREDERICK G. MESSER and another

*vs.*

HORACE P. STORER and others.

Cumberland.　　Opinion November 21, 1887.

*Insolvency.　Composition.　Examination of debtor.　Equity pleadings.*
*R. S., c. 70, § § 42, 62,*

After composition papers are filed in a court of insolvency, a creditor has not a right to examine the debtor generally upon all matters relating to his insolvency under R. S., c. 70, § 42. An examination at such a time is limited to the questions, whether the agreement was signed by the requisite proportion of the creditors, and whether the debtor had secured to his creditors the percentage agreed upon.

It is not sufficient in a bill in equity to allege that the complainant "had been informed and believed" that the facts set out were true. He should allege the facts on information and belief.

Where an insolvent debtor makes false statements in his affidavit, filed in composition proceedings which are perfected, and a discharge is granted thereunder, any creditor who is aggrieved has a plain and adequate remedy at law under R. S., c. 70, § 62.

ON report. Bill in equity. Heard on bill, answer and proof.

The bill, after setting out the proceedings in the court of insolvency, sufficiently stated in the opinion, contained the following allegation:

"Tenth. That your orators are informed and believe that the affidavit filed by said insolvents applying for said composition under said proceedings for composition as provided by section 62, chapter 70, of the Revised Statutes of this state, are not true, but that they had, and ever since have concealed and secreted money, securities, effects and property, real and personal, belonging to them individually and to said firm, with intent, purpose and expectation to receive, directly and indirectly, the benefit or advantage thereof to themselves; that they have changed and falsified the books of said firm; that they had sold, pledged, conveyed and transferred property and estate belonging to them individually and to said firm, in anticipation of insolvency, and had made conveyances, mortgages, pledges and transfers and payments to sundry of their creditors, for the purpose of

preferring said creditors ; that they had given to sundry of their creditors and other persons, compensation and promise or reward, besides reasonable counsel fees for services in effecting a compromise with their creditors, and that the assets and liabilities of said Storer Brothers and Co. and the individual members thereof, were not correctly stated in the schedules annexed to said affidavits and signed by them ; that in said schedules large amounts of property were omitted, and the material statements contained in said affidavits and schedules were false to the knowledge of the debtors making the same ; that the signatures of a large number of the creditors who signed the composition agreements therein, were obtained by fraud ; that in obtaining said agreements, and in their said schedule, the said insolvents knowingly misstated and understated the value and amount of their property ; but the particulars thereof are not so known to your orators that they can state them more specifically, and the examinations proposed by your orators in the proceedings in said court of insolvency were necessary for the purpose of ascertaining such particulars, and to show thereby that the discharge ought not to be granted by the court, and to show that if granted, it was not valid, and your orators have no other means than by such examinations of ascertaining the particulars aforesaid."

*Holmes and Payson*, for plaintiffs.

The case of *Bisbee* v. *Ham*, 47 Maine, 543, has no application to this case, where there was no voluntary agreement. This was not an accord and satisfaction entered into by the parties, like the one in that case. See *Warner* v. *Vallily*, 26 A. L. J. 254 (R. I.).

The distinction between a voluntary agreement to settle, and an attempt at compulsion, as in this case, should be carefully noted, as it is only in the former case that there is a rescinding which requires the one making a rescission to place the other *in statu quo.* This is said to be an estoppel, not an estoppel to maintain generally the prayers which are set forth in the bill, but to deny that we have ceased to be creditors. *Chafee* v. *Fourth National*

*Bank*, 71 Maine, 514, is relied upon, but it will be observed that the point in question there, was the title to property, and whether an assignment of certain property to an assignee would pass the title as against a creditor residing out of the state, who had received a portion of the proceeds of property conveyed by the same assignment, under an attachment made by the creditor, claiming that the assignment was void, under which a levy was about to be made. The rights of other creditors, third parties, were affected.

Equity cases are ordinarily decided by a single justice. There is one case in which they are not decided by a single justice, and that is the precise one at bar. Such cases are reported to the law court instead, for their decision of all questions. *Springer* v. *Austin*, 75 Maine, 417.

Unless this were so, the whole proceeding in making up the defense, and putting in the large amount of documentary evidence to support the several allegations of the pleadings, as well as the law itself providing for such method, would be a perfect farce. The case would go upon bill and answer with unsettled questions of fact. The respondents' answer and supplemental answer, if rightly allowed, are not evidence in the case, although sworn to, because the complainants' bill does not ask for an answer upon oath, and "in such case it has no effect as evidence, except to cast the burden of proof upon the plaintiff." R. S., c. 77, § 15; *Clay* v. *Towle*, 78 Maine, 86.

The learned counsel has cited the case of *Ex parte Morgan*, 78 Maine, 36, in support of his position that the judge of the insolvent court was justified in excluding the examination asked for. It has no application to this case; because that case was one upon appeal, as distinguished from the exercise of the supervisory powers of this court upon a bill in equity. That case decided two questions which were necessary for the purpose of disposing of the case. First, that an appeal does not lie from the allowance of a discharge of an insolvent who makes a composition settlement with his creditors. Equity proceedings were the proper remedy in such case. Second, that the refusal by the judge, of an examination, gives no cause of appeal. These

propositions of law are obviously correct, and are well established by the decision in that case. No appeal in insolvency lies in any case arising under this chapter, unless specifically provided for therein. R. S., c. 70, § 12. And no provision is made for an appeal from the ruling of the insolvent court refusing an examination.

If these complainants were satisfied that a full, frank and complete statement had been made by the respondents in the insolvency proceeding, or that no further information was necessary or important in the proceedings, they could not come with very good grace to ask for permission to examine about matters which had been fully stated, and the allegation that they were informed and believed, shows that they understood that matters had been concealed, which required further investigation, and puts them in the position of parties, who, not having the details, and therefore not able to allege the particulars which go to make up the fraud, yet have sufficient reason to believe to justify a reasonable and prudent man in prosecuting the investigation. The demurrer admits such information and belief. *Walton* v. *Westwood,* 73 Ill. 125.

The case of *Ex parte Haines,* 76 Maine, 394, has reference only to an appeal as distinguished from these proceedings, and specifically states that, "Besides the remedy by action, each creditor acting by himself, the equitable jurisdiction of the court can be invoked in proper cases, the court having, under the insolvency law, ample powers in that respect."

Insolvent and bankrupt laws proceed upon principles generally uniform, though differing in details. If a composition is subject to the rule laid down by respondents and the judge of the insolvent court, it is a startling innovation. 2 Kent's Com. 389, *et seq.*

The examination could be had only before discharge was granted, that is, during the proceedings. R. S., c. 70, § 42.

This court has full power to annul a discharge under a composition. *Twitchell* v. *Blaney,* 75 Maine, 577 ; *Ex parte Haines,* 76 Maine, 394–96.

*William L. Putnam,* for the defendants, cited : R. S., c. 82,

§ 45; *Bisbee* v. *Ham,* 47 Maine, 543; *Chafee* v. *Fourth Nat. Bank,* 71 Maine, 514; *Ex parte Morgan,* 78 Maine, 36; *Ex parte Haines,* 76 Maine, 394; 2 Benedict, 509.

LIBBEY, J.   This is a bill in equity brought to set aside and annul the discharges granted to the defendants, who were insolvent debtors, as co-partners and in their individual capacity, by the court of insolvency.   Two grounds are relied upon in support of the bill.   First, that the court of insolvency denied the petitioners, on their application therefor, the right to examine the insolvent debtors upon all matters relating to their insolvency as provided in § 42, c. 70, R. S.

Second, that the respondents committed acts in fraud of the insolvency statute, which renders their discharges invalid.

The first ground involves the construction of the insolvency act in cases of composition.   The insolvent debtors produced to a meeting of their creditors, the affidavit required by § 62, c. 70, and at the same time produced an agreement, signed by a majority in number of their creditors, each of whose debts exceeded fifty dollars, and by creditors holding three-fourths of all their indebtedness, as required by said section; and the affidavit and agreement were duly filed in the court of insolvency. The debtors had been decreed insolvent, but their estate remained in the hands of the messenger, no proceedings for the choice and appointment of an assignee having been had.   After these proceedings were had, the plaintiffs in this bill, who were not parties to said agreement, claimed the right to examine the debtors generally upon all matters relating to their insolvency, under said § 42.   This claim of right was denied them by the judge of the court of insolvency, but they were permitted to examine them upon all matters embraced in the issue, whether the " agreement was signed by said proportion of the creditors of the debtors, and that they had paid or secured to all the creditors whose names appeared in the schedules annexed to their affidavit, the percentage named in said composition agreement, and according to the terms thereof."   The contention on the part of the plaintiffs is that the judge of the court of

insolvency, having denied them their right of general examination, had no power to proceed and discharge the debtors ; and that, as they had no right of appeal from his decree, they have the right to maintain this bill and have the discharges annulled ; and this raises directly, for the first time in this court, the question whether, after composition papers are filed in the court, a creditor has the right to examine the debtor generally as to his insolvency, as claimed here.

Upon a careful examination of all the provisions of chapter 70, of the Revised Statutes relating to insolvency, we are of opinion that he has not such right, and that the ruling of the judge of the court of insolvency complained of is correct. Sections 1 to 61 inclusive, of said chapter define the jurisdiction of the court of insolvency, and prescribe and regulate the proceedings in insolvency where the estate of the insolvent debtor is settled and distributed by the court of insolvency. Section 42 before referred to, gives to the creditor the right of general examination of the debtor upon all matters relating to his insolvency before a certificate of discharge shall be granted him. This relates to cases settled in insolvency. Section 62 gives to the debtors and the requisite number of creditors, after the decree of insolvency has been made, by an agreement of composition for a discharge of their debts, the right to take the case out of the general provisions for the settlement of the estate in insolvency, and when that is accomplished, the debtor is entitled to his discharge, and his estate is to be restored to him upon the payment of all expenses incurred during the proceedings. This mode of the settlement of their estate appears to be independent of the general provisions before referred to, and rests upon contract between the debtor and his creditors. Under it, when "the judge is satisfied that such agreement is signed by said proportion of the creditors of such debtor, and that he has either paid or secured to all the creditors whose names appear in the schedules annexed to his affidavit, the percentage named in such composition agreement, and according to the terms thereof, he shall give to such debtor, under his hand and the seal of the court, a full discharge of all his debts and liabilities contracted .

prior to the commencement of the insolvency proceedings, and named in the schedule annexed to said affidavit." These provisions raise no issue before the judge as to the truth of the facts stated in the debtor's affidavit, but the only questions presented to the judge are whether the agreement is really executed by the requisite number of creditors and the percentage has been paid or secured as required by this section. The statute contemplates that the proceedings shall be summary and speedy so that the creditors may receive without delay, their percentage and the debtor's estate shall be restored to him that he may dispose of it as he pleases and prevent loss by waste and and deterioration. Hence no appeal from the decree of the judge is given, but in lieu thereof "a special and stringent remedy of another sort is provided. An action to recover his debt is allowed to any creditor who deems himself defrauded. This privilege is not accorded to creditors under any other provision of the insolvency law." *Ex parte Haines*, 76 Maine, 394.

If the general proceedings to be had where the estate of the debtor is settled in insolvency, should be held to be applicable to composition proceedings, the great object to be accomplished by composition would be defeated, by the protracted litigation which might follow. Then to show more clearly that it was the intention of the legislature that the general provisions of the statute before referred to should not apply to composition proceedings, the facts which, if established, will prevent the granting of a discharge to an insolvent debtor under section 46, are not the same as are required to be set forth in the affidavit in composition proceedings, which if not true will invalidate the discharge in composition.

In as much as there was no question before the judge involving acts of the debtors which would deprive them of their right to a discharge if their estate were settled in insolvency the only effect of a general, prolonged examination would have been to delay the proceedings in composition. This question was incidentally but not directly, before this court in *Ex parte Morgan*, 78 Maine, 36, where the chief justice, in the opinion of the court, says, "He," (the judge) "could see no expediency in the examination of the

debtor after the composition agreement was entered into and we see none." This though a dictum in that case, we think well supported by the law. The reasons for the rule are well stated in that opinion.

Upon the second ground upon which the plaintiffs claim to maintain their bill, we think the bill is fatally defective. It alleges merely that the plaintiffs are informed and believe the facts set out in that clause of the bill. It does not allege the facts upon information and belief. It alleges information and belief of the facts only. Such an allegation in equity is insufficient to raise the issue sought to be raised.

Again, while it alleges generally certain things in fraud of the insolvency act, it alleges no specific act or fact by which the fraud was committed. It should specify the acts, means, or omissions of the defendants by which the fraud was committed. It should, at least, be as specific as required by section 49, in an application to the court to annul a discharge granted under section 44. It seeks to excuse this defect on the ground that the plaintiffs have no specific knowledge or information. But it is not framed as a bill of discovery. It prays that the discharges may be annulled, and that the debtors be required to submit to a full examination in the. court of insolvency. We have already held that the plaintiffs have no legal right to such examination.

But passing these objections, the plaintiffs have a clear, adequate and complete remedy at law under the provisions of section 62. It is, at least, doubtful if in this case they are entitled to relief in equity, if the bill contained the necessary allegations.

*Bill dismissed with single costs.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.