FRED A. TARBOX, in Equity, *vs.* FRANCIS PALMER et als.

York.   Opinion May 17, 1913.

*Advancements.   Appeal.   Beneficiary.   Cestui que Trust.   Decree.   Equity. Executors.   Funds.   Interest.   Revised Statutes.   Chapter 69, Section 6, Paragraph IX.   Trust.   Trustee.   Will.*

1.  The court found, upon the evidence in this case, that six shares of Pepperell Manufacturing Company stock and ten shares of Pennsylvania Steel Company stock were set apart in 1908 by the executors of the will of Elizabeth C. Palmer as a portion of Clinton C. Palmer's residuary share to be held in trust by his trustee.

2.  That the trust character thus impressed upon them still remains, notwithstanding the fact that the trustee has had the Pennsylvania Steel stock retransferred to the executors on the books of the company.

3.  That the executors hold a bare legal title, the beneficial interest being in the trustee for the benefit of Clinton C. Palmer.

4.  That the interest of Clinton C. Palmer can be reached by equitable trustee process under the rule of *Haley* v. *Palmer,* 107 Maine, 311.

On appeal by defendants other than Clinton C. Palmer who made no defense from decree by the sitting Justice. Decree below affirmed with additional costs.

This is a bill in equity brought as an equitable trustee process, under Revised Statutes, Chapter 69, Section 6 paragraph IX, to reach and apply to a debt due the plaintiff from Clinton C. Palmer certain money and other property in the hands of some of the defendants. Clinton C. Palmer, the debtor, was made a party, but made no defense. The other defendants are the executors of the will of Elizabeth C. Palmer; one of the executors, Francis Palmer, is trustee for Clinton C. Palmer, under the will. A decree having been entered by the sitting Justice, sustaining the will, the defendants appealed therefrom.

The case is stated in the opinion.

*Clinton C. Palmer, and Leroy Haley,* for plaintiff.

*Cleaves, Waterhouse & Emery, and James O. Bradbury,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, KING, HANSON, JJ.

SPEAR, J., ruled; did not sit.

HALEY, J., having been of counsel, did not sit.

SAVAGE, C. J. This bill in equity is brought as an equitable trustee process under R. S., Chapter 69, Section 6, paragraph IX for the purpose of reaching and applying to a debt due to the plaintiff from Clinton C. Palmer, certain money and other property in the hands of some of the defendants. The debtor was made a party. The other defendants are the executors of the will of Elizabeth C. Palmer, one of whom, Francis Palmer, is also trustee for Clinton C. Palmer under the will. The defendant Clinton C. Palmer makes no defense. A decree having been entered by the sitting Justice, sustaining the bill, the defendants, other than Clinton C. Palmer, appealed, and their appeal is now before us for determination.

The will of Mrs. Palmer and the Clinton C. Palmer trust have been considered by the court in several prior cases. *Holcomb* v. *Palmer,* 106 Maine, 17; *Palmer* v. *Estate of Palmer,* 106 Maine, 25; *Haley* v. *Palmer,* 107 Maine, 311. The trust expressed in the will was in these words: "I give, bequeath and devise all the rest and remainder of my estate to such of my children as may outlive me, share and share alike, but I will that the portion which would fall to my son Clinton C. Palmer shall be held in trust for him by my son Francis to be used for his comfort and necessities according to the discretion of my said son."

In *Holcomb* v. *Palmer* it was held that Clinton C. Palmer received his share in equitable fee simple in trust, that the legal estate passed to the trustee, Francis Palmer, that the beneficiary interest passed to the cestui que trust, Clinton, and that the trust would terminate at the death of Clinton, when any portion of the trust estate remaining would pass by his will, if he died testate, or descend to his heirs, if he died intestate. But it was also held that Clinton's equitable interest could not be reached by trustee process in an action at law.

In *Haley* v. *Palmer,* the bill, like the present one, was brought to impress upon the funds in the hands of the executors and trustee an equitable liability for the payment of a debt of Clinton C. Palmer. It was held that the bill would lie, and the trustee was ordered to pay the debt out of the trust property or funds in his hands. The case of *Haley* v. *Palmer* differs from the present case in this respect. In that case, there was sufficient property actually in the hands of the trustee to satisfy the claim. In this case there is not, and the plaintiff asks to reach certain shares of stock and the dividends received thereon, or their market value, which he says were set apart as Clinton's share in the estate of his mother, and now equitably belong to him, but which the defendant's executors say still remain in the residuum of the estate and have never been distributed or assigned to Clinton's trustee. It may be added here that the trust estate, claimed to have been set apart for the benefit of Clinton, whether in the hands of the executors or of the trustee, or of both, less proper credits, is insufficient to pay the plaintiff's claim in full.

The case shows that defendant's executors, the trustee being one of them, filed, in September, 1908, in the probate court their first account in which they charged themselves for "dividend on Pepperell Manufacturing Co. (6 shares held for Clinton Palmer, $36," and for "dividend on Pennsylvania Steel (10 shares held for Clinton Palmer) $35. They asked to be allowed as paid or delivered to each of four of the residuary legatees, as follows, 6 shares of Pepperell stock and 10 shares of Pennsylvania steel stock, of the aggregate value of $2550 for each of these legatees. They then stated as showing the balance of the estate in their hands, cash in bank, $1220.62; railroad stock appraised at $425; furniture appraised at $553; 8 tons of coal; and

"Special fund held for trustee of Clinton Palmer,

| | |
|---|---:|
| Pepperell Mfg. Co. (6 shares appraised at | $1770 |
| Dividend Pepperell Mfg. Co. paid Feb. 1, '08 | 36 |
| Pennsylvania Steel (10 shares appraised | 780 |
| Dividend Steel paid May 1, '08 | 35 |
| | $2621" |

It will be noticed that the stock described in this "special fund" was valued in the aggregate at the appraisal, in the sum of $2550, the same amount for which they asked to be allowed as paid or distributed to each of the other residuary legatees.

It does not directly appear in the record whether this account was allowed by the Probate Court as stated, but the balance charged to the executors in their second account indicates that the distribution made by the executors to the residuary legatees, evidently as advancements, was not allowed in their first account, but was reserved, perhaps, to be covered later by an order of distribution.

The plaintiff contends not only that the statement by the executors in their first account as to the existence of a special fund held for Clinton's trustee, and made up of Pepperell stock and Pennsylvania steel stock with dividends thereon, is evidence that the stock had been set apart by the executors and distributed to the trustee, as a part of Clinton's residuary share under his mother's will, but that the executors, having made the statement in the account, are estopped now to deny the truth of it. But we think that this plaintiff's right to have the stock and the dividends thereon applied to the payment of his claim may fairly be asserted upon a broader ground.

The case shows that early in 1908, the executors divided the Pepperell stock and the Pennsylvania steel stock remaining in the residuum into five equal parts, and delivered one part, 6 shares of Pepperell and 10 shares of Pennsylvania steel, to each residuary legatee, including Francis Palmer trustee for Clinton C. Palmer. Both the Pepperell and the Pennsylvania stocks assigned to the trustee, were transferred to him on the books of the respective corporations. The Pepperell stock, except three shares sold to provide the means to pay the Haley judgment, still stands in his name.

Several months after the original distribution, the trustee retrans-
ferred the Pennsylvania steel stock, on the books of the corporation,
to the executors, and it still stands in their names. The trustee has
received all the dividends on the Pepperell stock, and the executors
have paid to the trustee all dividends received by them on Pennsyl-
vania steel stock. The fund made up of these stocks and their divi-
dends has been kept separate and special on the books and accounts
of the executors.

But the case also shows that when the original distribution of
Pennsylvania steel stock was made each residuary legatee gave the
executors what was called an indemnifying receipt, to the effect that
if any part of the stock so delivered should be needed later for
purposes of general administration so much at least should be
restored to the executors. The trustee testified that the original dis-
tribution was merely conditional and tentative, and expressive only
of an intention so to divide the stocks later, with the approval of
the court, and further, in effect, that his retransfer of the Pennsyl-
vania steel stock to the executors was made for the protection of the
executors against such contingencies as the receipts above mentioned
indemnified against. In view of the fact that the trustee was him-
self one of the executors the reason given for the retransfer does
not seem substantial. Though several years have elapsed since the
distribution, no claim has been made upon the residuary legatees for
retransfer of stock, or for reimbursement. And although the trus-
tee testified that he "thought" the legatees would have to restore
some of the Pennsylvania steel stock, in order that the executors
may settle the estate, he offered no sufficient evidence to substantiate
his belief. The state of the executors' accounts, which are incor-
porated in the record before us, does not show that any part of the
Clinton Palmer fund so set apart will be needed for purposes of
general administration.

Upon the foregoing facts, we think that the only reasonable con-
clusion is that the 6 shares of Pepperell stock and the 10 shares of
Pennsylvania steel stock were set apart in 1908 as a portion of
Clinton C. Palmer's residuary share, and the trust character thus
impressed upon them remains to the present time, notwithstanding
the fact that the trustee has had the steel stock retransferred to the
executors. The executors hold a bare legal title. The beneficial

interest is in the trustee for the benefit of Clinton, and can be reached in this proceeding.

In argument, the defendants express their belief that the plaintiff's claim of indebtedness from Clinton is unfounded, and that the proceeding is really in the interest of Clinton, to enable him to withdraw the funds in the trust for his own use, by the use of the plaintiff's name. If this were so, it would have been competent for them to raise that issue. An equitable trustee process lies only by a creditor. But neither in their answer, nor by evidence, have the defendants questioned that the indebtedness declared in the bill was bona fide. To do so now is fruitless. The note from Clinton C. Palmer to the plaintiff was expressed to be for "value received." and that is sufficient prima facie.

> *Decree below affirmed with additional costs.*