DARLING AUTOMOBILE COMPANY

*vs.*

FRED E. HALL, GEORGIA HALL, AND L. S. BEAN COMPANY.

THE JAMES BAILEY COMPANY

*vs.*

FRED E. HALL, GEORGIA HALL, AND L. S. BEAN COMPANY.

Aroostook.      Opinion, March 8, 1938.

*Pendleton & Rogers,*
*Seth May,* for plaintiffs.
*Weick & Blanchard,*
*George B. Barnes,* for defendants.

SITTING: DUNN, C. J., STURGIS, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J.   In these bills in equity, the complainants primarily seek to reach and apply to the payment of their claims the right, title and interest which the defendant Fred E. Hall has in certain moneys, notes and automobiles now in the possession of the defendant L. S. Bean Company and incidentally discover the status of any claims the defendant Georgia Hall makes to this and other

property. All answers are under oath, and to those made severally by Fred E. Hall and Georgia Hall replications are filed. At the hearing before the sitting Justice, the suits being tried together, when the complainants rested their cases, on oral motions by the defendants the bills were dismissed for lack of evidence and appropriate decrees signed and entered. The complainants appeal.

These are statutory creditors' bills brought to reach and apply in payment of the complainants' debts "any property, right, title, or interest, legal or equitable, of a debtor, or debtors, which cannot be come at to be attached on writ, or taken on execution in a suit at law,*." R. S., Chap. 91, Sec. 36, Par. XI. The proceeding is in the nature of an equitable trustee process and if a creditor would bring himself within the purview of the statute, he must allege that the complainant is a creditor, the principal defendant a debtor having some valuable legal or equitable interest not exempted by law from attachment or seizure, of such a nature or so situated that it can not be reached by common-law process against the debtor, and the property is held by some third person who may be considered an equitable trustee of the debtor. *Donnell* v. *Railroad Co.*, 73 Me., 567 ; *Lord* v. *Collins*, 79 Me., 227, 9 A., 611 ; *Tarbox* v. *Palmer*, 110 Me., 436, 441, 86 A., 847. These allegations are jurisdictional. *Lakin and Gould* v. *Chartered Company*, 111 Me., 561, 90 A., 427. If lacking, as in all other suits in equity, the error is fatal in every stage of the cause and can not be cured by consent of the parties. When inspection of the pleadings makes it manifest that it has no jurisdiction, it becomes the duty of the court to stay proceedings and dismiss the action. *Chalmers* v. *Hack*, 19 Me., 124 ; *Chase* v. *Palmer*, 25 Me., 341 ; *Hill* v. *Moors*, 224 Mass., 163, 112 N. E., 641 ; Whitehouse Eq. Prac. (1st Ed.), Sec. 193 ; 15 C. J., 852.

Tested by the foregoing rules, the bills are insufficient. Each sets forth only that the "plaintiff is informed" that the defendant L. S. Bean Company has in its possession certain properties of the defendant Fred E. Hall which can not be reached by legal process. There is no positive averment that such is a fact. And the allegations as to the claim of Georgia Hall to the property of her husband Fred E. Hall are of like tenor and made solely on information. Such allegations in equity raise no issue and are fatally defective.

*Robinson* v. *Robinson,* 73 Me., 170, 177 ; *Messer* v. *Storer,* 79 Me., 512, 11 A., 275; *Bailey* v. *Worster,* 103 Me., 170, 68 A., 698; Whitehouse Eq. Prac. (1st Ed.), Sec. 208.

Nor can the bills be maintained for discovery only. They are brought primarily for relief and incidentally for discovery. Under such bills, if the complainant is not entitled to relief, he can not have discovery. *Coombs* v. *Warren,* 17 Me., 404, 409 ; *Emery* v. *Bidwell,* 140 Mass., 271, 3 N. E., 24; Whitehouse Eq. Prac. (1st Ed.), Sec. 115.

It is unnecessary to consider at length the proof adduced in support of the bills. The complainants take nothing in their allegations on information which are not traversed. They were not well pleaded and Chancery Rule XXVII does not apply. *Bailey* v. *Worster,* supra. Nor are the answers of the defendants, although under oath, evidence for either party. The bills do not call for answers upon oath and, although verified, they do not operate as evidence even as to facts stated responsive to the bills, but like ordinary pleadings point out the issues to be determined by evidence. R. S., Chap. 91, Sec. 47 ; *Clay* v. *Towle,* 78 Me., 86, 2 A., 852 ; *Leathers* v. *Stewart,* 108 Me., 96, 101, 79 A., 16 ; Whitehouse Eq. Prac. (1st Ed.), Sec. 390. As to the direct evidence offered, assuming it to be sufficient to sustain the bills, it is useless without proper allegations in the pleadings. Evidence without allegation is as futile as allegation without evidence. *Scudder* v. *Young,* 25 Me., 153 ; *Merrill* v. *Washburn,* 83 Me., 189, 22 A., 118; *Glover* v. *Jones,* 95 Me., 303, 307, 49 A., 1104 ; *Portland Terminal Co. and Railroad Co.* v. *Railroad,* 127 Me., 428, 144 A., 390.

Although these proceedings must be stayed, the record discloses that there may be equities between the parties which ought to be determined and adjusted and the complainants should not here be finally barred from bringing equitable trustee process. It seems best, however, to require them to begin anew. The appeals are, therefore, sustained and the cases remanded for entry of decrees dismissing the bills without prejudice.

*So ordered.*