356

GEORGE W. DONNA ET AL.

*vs.*

CITY OF AUBURN ET AL.

Androscoggin.  Opinion, December 24, 1952

*John A. Platz*, for plaintiff.

*Frank W. Linnell*, for defendant.

*Cole & Trumble, Pro Se.*

SITTING: MURCHIE, C. J., FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.  (THAXTER, J., did not sit.)

MERRILL, J.  On exceptions.  This is a taxpayers' bill brought to restrain the payment of money upon a contract

alleged to have been executed by the city manager of the city of Auburn pursuant to an order of the city council. The bill purports to be brought under authority of R. S. (1944), c. 95, Sec. 4, Par. XIII. The plaintiffs claim that the contract is not binding upon the city because of lack of authority on the part of the city manager to execute the same. The city manager executed the contract pursuant to an order of the city council. Plaintiffs claim that under the charter of the city of Auburn, authority to execute the contract could be conferred only by an Ordinance, as distinguished from an Order. After filing, the bill was amended. Answer with demurrer therein was filed. The case was heard upon the demurrer to the bill as amended. Decree was filed sustaining the demurrer and ordering that the bill be dismissed without costs. It is upon the plaintiffs' exceptions to this decree that the case is now before us.

The amended bill is fatally defective. With respect to the existence of facts clearly material and essential to the maintenance of the bill, it alleges merely that the plaintiffs are *informed and believe* the facts. Whitehouse in his Equity Practice, First Edition, Page 243, Sec. 208, states:

"Whatever is essential to the plaintiff's case and is within his knowledge and belief must be alleged positively as a fact. Where the bill alleges merely that the plaintiffs are informed and believe the facts set out in that clause of the bill, it is fatally defective. It does not allege *the facts* upon information and belief, it alleges information and belief of the facts only."

The foregoing statement by Whitehouse is well sustained by the decisions of this court. In *Messer* v. *Storer,* 79 Me. 512 at 519, we said:

"It does not allege the facts upon information and belief. It alleges information and belief of the facts only. Such an allegation in equity is insufficient to raise the issue sought to be raised."

In the case of *Bailey* v. *Worster,* 103 Me. 170 at 174, as to many essential charges the plaintiff merely stated that he "is informed and believes." The court after holding that such a form of charging was fatally defective, went on to hold that a failure to traverse such allegation was not an admission under Equity Rule 27 of the truth of the facts referred to in such allegation. In that case we said:

> "Chancery Rule XXVII provides that 'all allegations of fact well pleaded in bill, answer or plea, when not traversed, shall be taken as true.' The difficulty, however, is that the allegations to which these defective answers were made were not well pleaded. The complainant did not allege facts, but only that he was informed and believed certain allegations. In such cases Chancery Rule XXVII does not apply."

In the case of *Automobile Co.* v. *Hall and L. S. Bean Co.,* 135 Me. 382, after reiterating the rule, and citing *Messer* v. *Storer, supra, Bailey* v. *Worster, supra,* Whitehouse Equity Practice, *supra,* and the case of *Robinson* v. *Robinson,* 73 Me. 170, 177, we not only held that such allegations were not well pleaded, raised no issue, and that Equity Rule 27 did not apply, but we further held that such defective allegation could not be cured by proof, stating "Evidence without allegation is as futile as allegation without evidence."

Although a demurrer, for the purpose of considering the sufficiency of the bill, admits the truth of the allegations therein, it admits only allegations of fact *well pleaded.* As to all of those facts of which the plaintiffs alleged only that they "are informed and believe," the demurrer does not admit their existence. It admits only the plaintiffs' information and belief respecting the same. As the existence of these facts was material and essential to the maintenance of the bill, the bill was fatally defective for lack of positive averment thereof. This is not a mere defect in form. The defect is one of substance. This is the necessary result of

*Automobile Co.* v. *Hall and L. S. Bean Co., supra* which held that such allegation with respect to facts essential to the maintenance of the bill was so defective that it could not be cured by proof. The defect was open to attack by general demurrer for lack of equity in the bill. The ruling below sustaining the demurrer was correct and the exceptions to the decree sustaining the demurrer and dismissing the bill must be overruled.

*Exceptions overruled.*

*Decree dismissing bill without costs affirmed.*