WILLIAM H. GLOVER, and another, In Equity,

*vs.*

EVERETT A. JONES.

Knox.    Opinion May 28, 1901.

*Review. Equity. Practice. Master. R. S., c. 77, §§ 14, 15. Chancery Rules 28, 36.*

1.  In framing a bill of review in equity it is necessary to state the former bill and the proceedings therein, the decree and the point in which the party exhibiting the bill of review conceives himself aggrieved by it, and the ground of law upon which he seeks to impeach it.

2.  There is no imperative rule of chancery practice which requires the appointment of a master to state the account in all cases. The court unquestionably has the power to pass upon the account without the intervention of a master.

3.  Where a bill in equity is made returnable at a regular term of court and is taken pro confesso for want of appearance, the defendant, who has made no motion to open the decree within ten days after it is made, has lost his standing in court and is not entitled to notice of its further proceedings.

4.  Whether or not the decree filed in the original cause was in accordance with the allegations in the bill and authorized by the evidence admissible thereunder, it is unnecessary to determine. It is a sufficient answer to this objection that, in the case at bar, it is not one of the complaints specified in the bill of review as a cause for reversing the decree.

5.  Furthermore, there is no allegation in this bill that substantial justice has not already been done by the decree in question, and it nowhere appears either from allegations or evidence that the review prayed for, if granted, would result in any material alteration of that decree.

On report. Bill in equity for review. Bill dismissed.

Bill of review brought for error of law in an original bill against William H. Glover, Edward K. Glover, Charles L. Smith and Ambrose Mills, copartners under the firm name of W. H. Glover & Company, to settle and adjust the partnership after dissolution. Smith and Mills were not made parties to this bill.

*D. N. Mortland and M. A. Johnson*, for plaintiffs.

*C. E. and A. S. Littlefield*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, JJ.

WHITEHOUSE, J. This is a bill of review brought for error of law alleged to be apparent upon the face of the record. The defendant in this bill of review was the plaintiff in the original bill, and these plaintiffs together with Charles L. Smith and Ambrose Mills were defendants; but although service of the original bill was duly made on the defendants therein named, they filed no answer to the bill and made no appearance in the cause. The bill was accordingly taken pro confesso pursuant to the rule of practice prescribed by the statute, and the cause was duly heard by the presiding justice and a decree filed. The original bill, the docket entries and the decree, therefore, constitute the record for the inspection of the court.

The parties to the original bill were members of a partnership which had been dissolved by mutual consent, and the bill was brought by the plaintiff Everett A. Jones, who is defendant in this bill of review, to obtain an adjustment of the partnership affairs and accounts and a decree for any balance due him.

In framing a bill of review " it is necessary to state the former bill and the proceedings therein; the decree and the point, in which the party exhibiting the bill of review conceives himself aggrieved by it; and the ground of law, or matter discovered, upon which he seeks to impeach it." Story's Eq. Pl. § 420. See also authorities cited in Whitehouse's Equity Prac. § 255.

An examination of the plaintiffs' bill of review in this case discloses three grounds of law on which they seek to impeach the decree filed in the original cause, viz:

1. That no master in chancery was appointed to hear the evidence, state the partnership accounts and make a report to the court.

2. That no notice was given to the plaintiffs, or either of them, of the hearing before the court.

3. That the plaintiffs had no notice and no knowledge of the filing of the decree.

The first ground of objection is clearly untenable. There is no imperative rule of chancery practice which requires the appointment of a master to state the account in all cases. The court unquestionably has the power to pass upon the account without the intervention of a master. "The account may be taken either by the court itself, if it sees fit, or by a master in chancery." Whitehouse Equity Prac. § 559, and cases cited. "It is wholly within the discretion of the court to call to its aid the services of a master, and if it sees proper to hear witnesses instead of having their testimony taken by a master, or to undertake the labor of stating an account without the aid of a master, it may do so." 17 Enc. of Pl. & Prac. p. 986. See also *Fogg* v. *Merrill*, 74 Maine, 528.

With respect to the second and third objections, it must be remembered that the original bill was made returnable at a regular term of court, and was taken pro confesso for want of appearance by the defendants.

Section 14 of c. 77 R. S., provides that "when process is made returnable at any regular term, the respondent shall appear within the first three days thereof; otherwise on the return day of such process; and in default thereof, on motion of the complainant in writing, the bill shall be taken pro confesso, as matter of course, at the expiration of ten days after the filing of such motion, but such decree for good cause shown, on motion of the respondent, may be opened within ten days after it is made, and in such case the court shall fix the time for making a defense." It will be perceived that there is here no provision requiring the motion to be served on the respondent when he has failed to appear at all, and there is no rule of equity practice requiring notice of such a motion to be given to the defendant under such circumstances. In this respect section 14 above quoted is to be distinguished from section 15, which does require service of such a motion on a defendant who has appeared but made no defense by "answer, plea or demurrer within thirty days."

In this case it appears, from the docket entries, that the motion to have the original bill taken pro confesso was filed January 30, 1900, and that the decree was not filed until February 20. The

plaintiffs also state, in the fourth paragraph of this bill of review, with reference to the original bill, " that whereas the allegations were in the main true, the complainants deeming it unnecessary to answer the same . . . . and supposing that each of them would be given due notice of the time and place of such hearing thereon, allowed the same to be taken pro confesso as per motion filed January 30, 1900." It may fairly be inferred from this that these plaintiffs had notice of the motion that the bill be taken pro confesso in the original cause. The docket entries show that the decree was filed February 20, 1900, and that the "statutory notices bearing the same date, were mailed by the clerk to each of the defendants the next day." These entries are supplemented by the admission that the clerk of courts would testify, that each of these notices of the decree was enclosed in a separate envelope directed to W. H. Glover, E. K. Glover, Ambrose Mills, and Charles Smith, respectively, the defendants in that cause, and all deposited in the post office together; that each of these envelopes "contained the request to return to the clerk of courts, if not delivered" and that no one of them was returned. It is also admitted that Mills and Smith would testify that they received the notices directed to them, and that they "think they received them at the office of the W. H. Glover Company." Yet, these plaintiffs made no motion to have the decree "opened within ten days" after it was made, but filed this bill of review on the sixteenth day of April, 1900. The bill, it is true, contains the allegation "that if any notices were mailed to them, or either of them, as stated in the record aforesaid, that they never received any such." But, this allegation is traversed by the defendant in his answer, and hence is not evidence for the plaintffs and cannot be read by them in support of their own case. Story's Eq. § 849 a. Whitehouse on Eq. Prac. § 446. The docket entries and the testimony of the clerk are, therefore, the only evidence in the case respecting the notices of the filing of the decree, and this evidence is sufficient to show that the notices were duly mailed as stated, and to raise a presumption that they were duly received by each of these plaintiffs.

But, neither were the plaintiffs in review entitled to notice of

the final decree, under the rules of chancery practice. Rule 28 requires the party entitled to a decree to "draw the same and file it and give notice;" but Rule 36 provides that "notices required by these rules will be served in writing and signed by counsel, and delivered to the opposing counsel, or left at his office." There is no rule requiring the plaintiff to serve notice on a defendant who has wholly failed to appear either by himself or counsel. In *Russell* v. *Lathrop*, 122 Mass. 300, the court say: "An order that a bill be taken pro confesso is interlocutory and intended to prepare the case for a final decree. Its effect is similar to that of a default in an action at common law, by which the defendant is deemed to have admitted all that is well pleaded in the declaration. The defendant has lost his standing in court and is not entitled to notice of its further proceedings, but the matters set forth in the bill do not pass in rem judicatam until the final decree." See also *Austin* v. *Riley*, 55 Fed. Rep. 833.

In the case at bar, the decree that the bill be taken pro confesso was not entered upon the docket, or separately filed as an interlocutory decree. After the lapse of twenty days from the filing of the motion, the final decree was filed, embracing in the introductory part of it the decree that the bill be taken pro confesso. But this slight irregularity is not specified in this bill of review as one of the grounds for impeaching the decree; and as the plaintiffs in review wholly failed to appear or to move for the opening of the decree, it is obvious that they were not prejudiced by the omission to have the interlocutory decree entered upon the docket or separrately drawn and filed.

Finally, the plaintiffs contend in argument that the proceedings in the original cause were not in accordance with the allegations in the bill, and that the decree was not warranted by the prayer.

It is undoubtedly true that a decree in equity can grant only such relief as is justified by the allegations and the evidence, and that a general prayer in the bill does not authorize a decree based upon facts proved but not alleged, any more than on facts alleged but not proved. *Hare* v. *McIntyre*, 82 Maine, 240; *Merrill* v. *Washburn*, 83 Maine, 189; Whitehouse on Eq. Prac. §§ 244 and 518.

But, in the case at bar, it should be a sufficient answer to an objection presented only in argument, that it is not one of the complaints specified in the bill of review as a cause for reversing the decree. It is, therefore, unnecessary to determine whether or not the decree filed in the cause was fully authorized by the evidence admissible under the allegations of the bill.

Furthermore, Mills and Smith, two of the members of the partnership in question, who were parties defendant in the original cause, are not made parties to this bill of review. There is no averment in this bill that the plaintiffs in review have a meritorious defense to the original bill, and no specification of the matters which they desire to set up in their answer. There is no allegation in this bill that substantial justice has not already been done by the decree in question, and it nowhere appears, either from allegations or evidence, that the review prayed for, if granted, would result in any material alteration of that decree.

It is, therefore, the opinion of the court that the entry must be,

*Bill dismissed.*