# THE EQUITABLE ICE COMPANY, ET AL.,

## *vs.*

## GEORGE H. H. MOORE.

*Pleadings in equity : sufficiency of bill; how to be raised; necessity for exceptions.   Appeals in equity : questions reviewable; exceptions.   Art. 5, sect. 23 of Code : mere reservations of objections not sufficient.*

Where no exceptions are taken to the sufficiency of a bill, it is immaterial whether or not its averments cover the case as proved, and the court must decree according to the evidence.

p. 326

The contention that while a plaintiff's remedy is by bill in equity, he has been given a decree which is different in character and effect from the one to which he may be entitled; or that while the bill is adequate for the purpose of an equity proceeding to secure the plaintiff's interests, it is inadequate as a basis for the particular relief decreed, is an objection within the purview of Article 5, section 36 of the Code, relating to appeals in equity; and where no exception to that effect was made and filed below, the question is not reviewable on appeal.

p. 324

In such a case, a clause in the answer reserving all lawful objections to any error in the form and substance of the bill, is not sufficient to meet the requirements of that section of the Code.                                   p. 324

*Decided December 16th, 1915*

Appeal from the Circuit Court for Prince George's County. (In Equity.) (BEALL, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*H. Winship Wheatley* (with whom was *S. Marvin Peach,* on the brief), for the appellants.

*Clarence M. Roberts* and *Edw. L. Gies,* for the appellee.

URNER, J., delivered the opinion of the Court.

The appeal in this case is from a decree which provided for a sale of the real estate mentioned in the proceedings, unless the defendants, within thirty days from the date of the decree, should pay to the plaintiff a designated sum of money. It is contended that the allegations of the bill of complaint do not admit of such an adjudication. The bill was directed to the enforcement of a mechanics' lien claim for work and materials furnished in the remodeling of a building and plant used in the manufacture of ice. The answer disputed the claim, and; a general replication being filed, testimony was taken upon the issues of fact thus raised. After a hearing upon the case as thus developed, the decree appealed from was passed. In consequence of an order given by the appellant to the Clerk of the Court below, for the preparation of the transcript for the appeal, only the bill of complaint, mechanics' lien claim; answer, general replication and prayer of appeal have been included in the record, and the evidence in the case has been wholly omitted. A copy of the opinion which accompanied the decree has since been added to the record by agreement. It appears from

the opinion that the decision reached by the lower Court in favor of the plaintiff was governed by the facts established by the proof. No exception or demurrer was filed to the bill upon jurisdictional or other grounds. The primary question to be determined, in this state of the record, is whether the objection sought to be urged against the bill on appeal can be entertained.

It is provided by Article 5, section 36 of the Code, that on appeal from a court of equity no objection to "the suffi-ciency of the averments of the bill or petition * * * shall be made in the Court of Appeals, unless it shall appear by the record that such objection was made by exception, filed in the Court from which such appeal shall have been taken." This provision has been repeatedly applied: *Gerting* v. *Wells,* 103 Md. 637; *Baltimore & Drum Point R. R. Co.* v. *Pumphrey,* 74 Md. 113; *Ashton* v. *Ashton,* 35 Md. 503; *Eyler* v. *Crabbs,* 2 Md. 154; *Thomas* v. *Doub,* 1 Md. 327. In view of the explicit terms of the statutory rule from which we have quoted, and in the absence of any exception to the bill of complaint in the Court below, it is clear that we are without authority to decide any question as to the sufficiency of the bill on this appeal. There was a clause in the answer reserv-ing all lawful objections to any errors in the form and sub-stance of the bill, but this indefinite reservation does not meet the requirements of the rule. *O'Neill* v. *Cole,* 4 Md. 123.

The appellant has endeavored to exclude this case from the operation of the provision we have cited by arguing that the objection he urges does not dispute the general sufficiency of the bill, but merely denies that its allegations are ade-quate as a basis for the specific relief granted. The bill averred that, by agreement between the plaintiff and the de-fendant corporation, the former was to be paid in stock and property of the company for the work and material supplied in the remodelling of the factory. It is conceded that upon this averment, and the prayer for general relief, a decree for

specific performance might have been appropriately passed, if justified by the evidence, but it is insisted that the terms of the alleged contract, providing as they did for compensation through a transfer of an interest in the property to be improved, were incompatible with the existence of a mechanics' lien, and precluded a valid decree for the enforcement of such a claim. The Court below found from the evidence that no compensation was ever paid or tendered the plaintiff, either in money or in the stipulated interest in the stock and property of the defendant corporation, although he fully performed his part of the contract. There could be no doubt, therefore, that the plaintiff was entitled to seek redress in a court of equity. Whether, upon the case which the bill alleged, the decree should be for the specific enforcement of the agreement in reference to the compensation, rather than for a sale to satisfy the asserted lien, is a question which would necessarily depend upon the sufficiency of the bill for the purposes of these respective forms of relief. The objection sought to be raised does not dispute the *jurisdiction* of the Court, since it does not deny that the subject-matter of the suit is within the scope of equitable cognizance, or that the proper tribunal has been selected: *Shryock* v. *Morris,* 75 Md. 76. If, however, it could be regarded as jurisdictional, the question could not be considered on appeal, as no exception on that ground was entered in the lower Court: *Code,* Article 5, section 37; *Melvin* v. *Aldridge,* 81 Md. 657; *Hubbard* v. *Jarrell,* 23 Md. 66. No question is or could be made as to a proceeding by bill in equity being available to the plaintiff as a suitable form of *remedy* for the assertion of his rights in the premises, and hence the case cannot be excepted from the effect of the statute upon the theory illustrated by the case of *Boteler* v. *Brookes,* 7 G. & J. 155. The contention here is that, while the plaintiff's proper remedy is by a bill in equity, he has been given a decree which is different in character and effect from the one to which he may be entitled. In other words, the bill is admittedly ade-

quate for the purposes of an equity proceeding to secure the plaintiff's interests, but it is claimed to be an insufficient basis for the particular relief decreed. It is obvious that such an objection is within the purview of the statutory provision to which we first referred, and that, not having been duly made by exception filed in the Court below, it is not open for our decision.

But even if we were at liberty to consider the question, we should have no occasion to hold, upon the record before us, that the decree was erroneous. The evidence upon which the case was decided, and which we have no opportunity to review, may be presumed to have justified the decree, even though the bill of complaint were held defective. The proof may have supplied the supposed deficiencies of the bill and have presented a state of facts upon which the decree actually passed would be manifestly the proper mode of enforcing the plaintiff's rights. It is the settled rule that where no exception is taken to the sufficiency of the bill, it is immaterial whether or not its averments cover the case as proved, and the Court must decree according to the evidence: *Schroeder* v. *Loeber*, 75 Md. 202; *Gerting* v. *Wells, supra; Shugars* v. *Shugars*, 105 Md. 344; *Reed* v. *Reed*, 109 Md. 695.

*Decree affirmed, with costs.*