# ALFRED H. BRAECKLEIN

## *vs.*

## ANNA C. BRAECKLEIN.

*Husband and Wife—Decree of Divorce—Receivership—Suit for Accounting—Party Plaintiff—Theory of Suit—Evidence.*

Where a proceeding was treated throughout by counsel as one to ascertain, declare, and protect the rights of the parties to a former decree of divorce, and was so treated by the court in its decree, *held* that the uncertainty whether it was instituted by one of the parties to the divorce or by a receiver appointed in a suit by such party for an accounting was immaterial.                                        p. 347

It is in accordance with the policy and spirit of the law, as administered in courts of chancery, finally to dispose of the rights and interests of the parties to the controversy, in order to end the litigation.                                        p. 347

Where the duty to account has already been fixed by decree, the same court may, in another suit, determine the state of the accounts between the parties, without again determining the duty to account.                                        p. 349

While the usual practice, in a suit for an accounting, is to refer the case to an auditor to state an account, the court may itself take the account without a reference.                                        p. 349

Where a receiver, appointed to take charge of property belonging to a divorced husband and wife, petitioned for an accounting by the husband as to rents and profits of the property, *held* that, since the receiver would hold for the wife's benefit any amount found due by the husband, there was no reversible error in decreeing that the amount ascertained to be due was due to the wife.                                        p. 349

Where a receiver, appointed to take charge of real estate owned by a husband and wife, who had been divorced, filed a

petition, in behalf of the wife and for her benefit, against the husband, for an accounting as to rents from the property, and the wife, who was a party to the proceeding, actively participated in the litigation, and the husband, in his answer, alleged that the wife had converted certain furniture belonging to him, and the case was tried upon that issue, no objection being made that the evidence on that issue was not relevant to the issues in the case, *held* that the husband could not complain on appeal that the court in its decree determined the question whether the wife was indebted to him, or he was indebted to the wife, on account of the half of the furniture which was allotted to her by the divorce decree.    pp. 349-352

That, in a suit for an accounting, the court estimated the rent received by defendant from certain property as being the same as that paid for similar property adjacent to that in question, is not ground for complaint by defendant, he not having testified on the subject.                    p. 352

The refusal of the lower court, in a suit for an accounting, to accept the testimony of defendant that he had paid a named amount for repairs and taxes on certain property, *held* proper, in view of his failure to produce any vouchers or other evidence to corroborate his statement, of the fact that one item included in his claim appeared by a receipted bill to have been paid by another, and of the uncertainty of his other testimony.                    p. 352

On an issue as to whether, after a decree of divorce, by which the furniture in their former residence was to be equally divided between the parties to the decree, each party took so much only as he or she was entitled to, *held* that the action of the lower court, in accepting the former wife's testimony as to the value and quantity of the furniture, in preference to that of the husband, would not be disturbed, such court having the benefit of seeing the witnesses, and the husband's testimony being conclusively contradicted in some material matters.                    p.353

*Decided June 29th, 1921.*

Appeal from the Circuit Court of Baltimore City (GORTER, J.).

Bill by Anna C. Braecklein against Alfred H. Braecklein. From a decree for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*David Ash,* with whom was *James J. McNamara* on the brief, for the appellant.

*Eugene Frederick,* with whom was *Harry B. Wolf* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

Anna C. Braecklein was, on March 10th, 1919, by a decree of the Circuit Court of Baltimore City, divorced *a vinculo matrimonii* from Alfred H. Braecklein, her husband. Among other things, that decree provided that—

> "the household furniture mentioned in the proceedings be divided equally between the parties to this cause; and * * * that the defendant, Alfred H. Braecklein, account to the plaintiff, Anna C. Braecklein, for one-half of the sum collected by him prior hereto up to and including the day of this decree as rents, issues, and profits of the property mentioned in these proceedings."

The property mentioned consisted of certain real and leasehold property in Baltimore City which the parties during coverture owned by the entireties.

On March 17th, 1919, Mrs. Braecklein filed a bill in the same court asking for an accounting from her former husband for the rents and profits issuing out of these properties and for the appointment of a receiver, to take over and manage the same and to collect the rents, issues and profits therefrom, and on that bill Eugene Frederick was appointed a receiver.

On June 25th, 1920, a decree was signed, in a partition proceeding of Alfred H. Braecklein against Anna C. Braecklein, dividing this property between the parties.

On July 8th, 1920, a petition was filed by the receiver referred to above, in which, after reciting the facts referred to above, he alleged:

> "That although your petitioner has made several demands upon the said Alfred H. Braecklein personally and upon his solicitor, demanding that he account to your petitioner for the rents collected by him in accordance with the provisions of the decree set out in the preceding paragraph, and although demand has also been made by your petitioner upon the said Alfred H. Braecklein to account to your petitioner for the fair rental value of the property 1328 South Charles Street, which was one of the properties held by the parties to this suit as tenants by the entireties and which property the said defendant has occupied since the separation of these parties, to wit, January, 1918;

> "That on the 25th day of June, 1920, a decree was passed in this honorable court ratifying and confirming a partition heretofore made between the said Anna C. Braecklein and Alfred H. Braecklein of all the properties held by them jointly, and your petitioner as receiver is now required to state his final account as such receiver and distribute the funds now in his hands according to the order of this honorable court; that before a full and complete and accurate account can be stated it is necessary that the defendant, Alfred H. Braecklein, account to your petitioner for the rents aforesaid;

> "That a partition of the property having been made and confirmed, the parties now hold the property allotted to them respectively in severalty;

> "That your petitioner believes and therefore avers and alleges that the defendant, Alfred H. Braecklein, ought to be restrained and enjoined from dis-

posing of any of his property until he has made a
full and complete accounting to your petitioner in
accordance with the decree heretofore set out."

And he asked:

"That an order be passed by this honorable court re-
quiring the defendant, Alfred H. Braecklein, to show
cause why he should not account to your petitioner
for the rents aforesaid, and why an order should not
be passed restraining and enjoining him from dis-
posing of any of his property pending such account-
ing."

Whether these several proceedings were all branches of the
same case, or were separate and independent suits, is not dis-
closd by the record with any clearness, except that it does not
appear that the partition proceeding was a separate suit. The
other proceedings, however, were ancillary to the relief
granted by the decree in the original proceeding, and appear
to have been treated by both the counsel for the parties, and
by the court, as a part of that case.

To the receiver's petition the defendant filed an answer
in which he made the following allegations by way of de-
fense:

"That at the time of the separation of the plain-
tiff and defendant the furniture and household effects
at No. 1328 South Charles Street, the home of this
respondent, was valued at four thousand dollars.

"That while this respondent was sick in Johns
Hopkins Hospital said plaintiff removed from said
home silverware, china, cut glass, ornaments, linen,
draperies, bed clothing, shotgun, Colt revolver, vic-
trola sounding box, bedroom clock, electric iron, cam-
era, hunting outfit, ice box, wardrobe trunk, two cedar
trunks, three leather suit cases, two satchels, one
$100 Liberty bond, cash $160, one pair opera glasses,
pedestal, fancy chair, one clothes hamper, four vac-
uum bottles, pictures, fancy table cover, rocking

chair and electric fan, total valuation of same being $3,300, and said plaintiff has not returned any of said articles or accounted for the same.

"That the petitioner, Eugene Frederick, receiver, obtained from William H. Surratt, Harry Wolf, the National Bank of Baltimore, etc., the sum of $1,-577.30 and collected $1,431.20 rents from the tenants of the properties mentioned in said petition, which sums of money have not been distributed.

"That since the appointment of said receiver said plaintiff collected rents from the tenants of said properties equal in amount to the said rents collected by this respondent."

And he further alleged that he had paid certain sums for taxes, insurance, repairs, and other expenses on these properties and that he had also kept up the premiums on certain life insurance policies in which his former wife was named as the beneficiary, and he further stated:

"That said plaintiff agreed with Judge Gorter and this respondent to eliminate her name as beneficiary, and failed to keep her agreement; that this respondent has paid the premiums on said policy of insurance and another policy of $2,000 up to the present time; both of said policies are in the custody of said receiver.

"This respondent admits that on the 25th day of June, 1920, this honorable court passed a decree ratifying and confirming a partition between the plaintiff and the defendant of all the properties held jointly by them, but denies said receiver is now required to state his final account; that said receiver cannot file his final account until said plaintiff returns or accounts for this respondent's share of said $3,300 worth of household furniture and effects, executes her said agreement concerning said Aetna Life Insurance policy, and this respondent receives said two insurance policies."

On December 18th, 1920, the trial of the matters in controversy between the parties was begun and testimony taken in connection therewith. There is some confusion as to just what that proceeding was. The record indicates that the attorneys for "Mrs. Anna C. Bracklein, the petitioner," and for "Alfred H. Braecklein, the respondent," were present, although it does not show any petition in which Mrs. Braecklein appears as the petitioner. Again the court said at the beginning of the hearing: "The matter before me today is the petition of the receiver filed the 8th of July, 1920, and the answer thereto," but later he said: "What is before me is whether or not the decree has been complied with. That is what I am investigating this morning, and when I see that what had to be done under that decree by both parties has been done, I will deal with the receiver, who is an officer of the court, but the officer of the court may or may not be in a position to do what he is directed to do until I see whether these two parties have done what they are called upon to do under this decree," while in the court's opinion it is recited that the testimony was taken under the petition of the receiver. No exception was taken, however, to the form of the proceeding, and it was treated throughout by counsel for the respective parties as a proceeding to ascertain, declare and protect the rights of the parties to the divorce proceeding as fixed by the decree passed therein, and it was so treated by the court in its decree. In that decree the court ascertained and declared that there was due by Alfred H. Braecklein $1,026.67 on account of the furniture and $1,281.63 on account of rents collected by him from the properties for which he had failed to account. In doing that the court undertook to finally dispose of all the rights and interests of the parties to the original controversy in respect to the property referred to in the divorce decree, in order that there might be an end to the litigation between them. Such an intention was in harmony with the policy and spirit of the law as administered in courts of chancery and should not be frustrated unless it

conflicted with some established legal principle or deprived the parties or either of them of substantial rights.

The appellant contends, however, that the decree should not have been passed, first, because, since Mrs. Braecklein was not a party to the petition immediately before the court, it had no power to determine in that proceeding the indebtedness of Dr. Braecklein to her, and especially that it could not determine his indebtedness to her on account of the furniture which under the divorce proceeding was to be equally divided between them, and second, that even if it had the power to determine these questions, that the decree was contrary to the evidence in the case.

The proposition first stated is not free from difficulty. The receiver, as such, had nothing to do with the furniture. He was appointed to take over and manage certain real estate, and to collect "all the rents, issues and profits arising therefrom," and it was in connection with that duty that he filed the petition for an accounting now under consideration, and in which he asked that Braecklein be required to account for certain rents. The orderly practice upon such a petition would have been to have determined as a preliminary question whether the respondent ought to account, unless the right to an account had been admitted or concluded by some prior order or decree, for, as was said in *Neale* v. *Hagthrop,* 3 Bl. 561: "The plaintiff's title to relief is obviously and necessarily the first and preliminary question to be decided, for it would be idle to go into any account of rents and profits, or to ask for or to consider any discovery so made, if the plaintiff is not entitled to relief in some one form or other, according to the nature of his case, since no case can be sent to the auditor with directions to state an account in any way, unless it be first shown that the plaintiff is entitled to relief; nor can account or discovery be directed in any case but as ancillary to a previously ascertained or admitted right to relief." 1 *C. J.* 642. And since the duty of the appellant to account to his former wife had been fixed by the divorce de-

cree, and to the receiver by the decree appointing the receiver, and as there could be no question as to the respondent's duty to account, the court was warranted in proceeding at once to determine the state of the accounts between the parties, because it was needless to go through the form of determining again what it had already decided. While the usual practice in such cases is to refer the case to an auditor for the statement of an account, yet the court may itself take the account without a reference. 1 *C. J.* 644; *McCarthy* v. *Gordon,* 211 Mass. 115; *Glover* v. *Jones,* 95 Me. 303.

There is therefore no question that the court was authorized to determine, under the petition and answer before it, what amount of money was due from the appellant on account of rents collected by him from the properties referred to in the decree of divorce, and while technically that amount was due to the receiver, yet, since the receiver would hold it for the appellee, there was no reversible error in decreeing that the amount ascertained to be due by Braecklein was due to the appellee.

In regard to the furniture a different question is presented. It had no apparent relation to the relief asked in the petition of the receiver nor to the facts alleged therein, because even if the wife had taken the furniture as alleged in the answer, that would not have released the appellant from the duty of accounting for the rents which he had collected and for which the divorce decree required him to account. It is true he could, in any proceeding instituted by her to collect such portion of such rents as may have been due her, have claimed a credit for any monies or other property of his which she may have received, but in any event it was incumbent upon him to account for the rents he had collected, for otherwise there would have been no basis for determining the true state of the accounts between him and his wife, for in order to have determined that question it was necessary to consider credits as well as debits. The appellant did, however, in his answer allege that the wife had converted furniture valued at $3,300

to her own use, and the case was tried upon that issue as well
as upon the issue as to the amount due by Braecklein for
rents, and a large portion of the testimony offered by both
the appellant and the appellee relates to that issue. No ob-
jection was made to any of this testimony on the ground that
it was not relevant to the issues in the case. The court and
counsel treated Mrs. Braecklein and Dr. Braecklein as the
actors in the matter before it, and assumed that the decision
of the question before it involved the determination of the
controversy between them as to the furniture, and the reduc-
tion to dollars and cents of the terms of the divorce decree,
as will appear from the following extracts from the record.
In the direct examination of Mrs. Braecklein she referred to
the insurance policies, but the court declined to hear her, and
said: "Madam, I will say right now to you, I am going to
grant nothing that is not before me. I am going to deal with
the terms of this decree, and nothing else, and if there is
anything to be litigated outside of what is called for in this
decree, you would have to come into court in the proper way.
Do I understand there is nothing about the insurance policies
in the record? (Mr. McNamara): No." On a motion to
strike out certain testimony he again said: "Unless it is in-
volved in this decree I do not want to know anything about
it. However, I will let him interrogate the witness to find
out what it is and if it is not germane I will strike it out."
And again, in the examination of Dr. Braecklein, he said:
"Let us come down to what we are discussing here and tell me
only about the rents and about the furniture. Please confine
yourself to that," and appellant's counsel making an offer of
proof said: "Furthermore, we want to prove, to make clear
to the court, shedding light on all of the facts of the case to
enable the court to render a decision in accordance with the
evidence, and the law applicable thereto, the value of the
goods now on hand, which is not in evidence in this case,
which will be added to the $4,400 value of the articles already
proved by the defendant, which will be the aggregate value

of all the goods in the house before Mrs. Braecklein made the first raid and took everything except his office appliances and his medical library."

This was not an ordinary suit for an accounting. The petition of the receiver on its face was merely ancillary to the execution of the decree in the divorce case, and Mrs. Braecklein and Dr. Braecklein were parties to that suit. Under these circumstances we think the case should be treated as falling within the rule laid down in *Gerting* v. *Wells,* 103 Md. 637, in which the Court said: "The bill makes no claim for the money received by William Gerting from the insolvent estate of Nicholson & Sons, and it is argued for the appellants that the decree in that respect is erroneous because not in conformity to the relief asked in the petition; while the appellee contends that it was properly allowed under the prayer for general relief. It is provided by section 36, article 5 of the Code of Public General Laws that: 'On an appeal from a court of equity, no objection to the competency of a witness, or the admissibility of evidence, or to the sufficiency of the averments of the bill or petition, or to any account stated and reported in said cause, shall be made in the Court of Appeals, unless it shall appear by the record that such objection was made by exceptions, filed in the court from which such appeal shall have been taken.' This section modifies the former practice as it existed in this State. In the absence of proper exceptions filed in the court below it was the duty of that court to decree according to the proof." See also *Reed* v. *Reed,* 109 Md. 694; *Equitable Ice Co.* v. *Moore,* 127 Md. 325. The only distinction between the case of *Gerting* v. *Wells* and this is that, here Mrs. Braecklein was not an actual party to the petition, while the claimant in that case was a party. But she was a party to the case in which the petition was filed, she actively participated in the litigation arising from it, and the petition was filed by the receiver in her interest on her behalf and for her benefit, and in our opinion, therefore, since the appellant invoked the action of

the court to determine whether he was indebted to the appellee or whether she was indebted to him on account of the furniture allotted to her under the divorce decree, he cannot now be allowed to complain that the court had no power to do what he himself asked it to do.

This brings us to the second question, which is, whether the evidence supports the court's finding. In regard to the rents there is little difficulty. The amount collected was taken from books kept by tenants occupying the properties and estimated from the rentals previously received from them or from other nearby property. The appellant objects to the finding because it arbitrarily assumes the collection of rent and the amount thereof of three "Green Street" houses, that it charges the appellant an "arbitrary rental value" of $35 per month for a house on Charles Street which he occupied, and that it did not allow him for repairs. But the record shows that either he or his brother for him collected such rent as was paid for the Green Street houses, and he therefore was in a position to know how much rent he received. The court's estimate was based upon the rent paid for similar property adjacent to the houses in question. Such an estimate was not arbitrary and, if the appellant was injured by it, it was his own fault, because he should have been able to tell and should have told what he received. Nor can it be said that the allowance of $35 a month for the Charles Street property was arbitrary, because it too was based upon rental received from other properties in the neighborhood. The appellant testified he had spent in repairs, taxes, etc., on the Charles Street house over $400, but he produced no vouchers or other evidence to corroborate his statement, and in view of the fact that one item which he included in it appeared by a receipted tax bill to have been paid by the receiver, and considering the uncertainty of his other testimony, we cannot say that the court below erred in declining to accept that testimony as sufficient proof of the claim.

This brings us to the question of the allowance to be made
for the furniture. Under the decree of divorce the furniture
in the house was to be equally divided. About the time the
decree was signed the appellee went to the house formerly
occupied by her and the appellant, and, while he was away
in a hospital, took a part of this furniture. The testimony
as to what and how much she took is conflicting. She said
she took half of it; the appellant testified she "looted" the
house and took all the furniture. Some part or all of the fur-
niture so taken was stored in Kaufman's warehouse, from
which it was taken under a writ of replevin by the appellant
and brought back to his home. The appellee again entered
the house, and, according to her testimony, took away her own
hand-embroidered linen, but according to the appellant's tes-
timony, removed many articles of value. Braecklein, in his
testimony, gave in detail the various articles of household
furniture which were in his home when he left it to go to the
hospital. The wife's testimony is that she had none of this
furniture, but some glassware, linen and other small articles
which were her own property, while the appellant testifies
that the most valuable part of it was taken from the home pre-
sumably by the wife, and that he no longer possesses it. The
testimony as to the value of the property is also conflicting
and indefinite. The testimony of the parties was partly cor-
roborated by other witnesses, but the case really turns upon
the credence and weight to be given respectively to the testi-
mony of Dr. and Mrs. Braecklein. When the appellant ad-
mitted the possession of furniture, part of which under the
decree belonged to the appellee, he assumed the burden of
satisfactorily accounting for such of it as he was unable to
produce upon demand, because, while it appears that Mrs.
Braecklein took away part of it, with some exceptions for
which she accounts, that which she took was recovered by
the appellant under a writ of replevin. Under these circum-
stances, the court below decided to accept the testimony of the

appellee as to the value and quantity of the furniture, and we do not feel that we can dissent from that view, especially as it had the benefit of having the witnesses before it, and of observing their demeanor and manner of testifying. Without analyzing in detail the testimony respectively given by the two witnesses, it may be said that the testimony of the appellant indicated that he could not have had any reliable recollection of the matters to which he testified. He was repeatedly and conclusively contradicted in some material matters, and had only very vague and uncertain recollection of others which, if his memory was to be relied upon, he should have recalled. The wife's testimony, on the other hand, was in its essential details not directly contradicted, and was to some extent corroborated.

Nor can we say that the valuation placed on the furniture by the court was not in accord with the evidence. The chattels were by reason of their character and condition not susceptible of an exact valuation, and the value placed upon them was a fair and reasonable approximation based upon their cost and the length of time they had been used.

We are of the opinion, therefore, that the decree appealed from did substantial justice between the real parties to the controversy, and that there was no error in it which would justify us in reversing it, and it will therefore be affirmed.

*Decree affirmed, with costs.*