## STREET v. STUBBLEFIELD.

Court of Appeals of District of Columbia.
Submitted May 4, 1927. Decided
May 26, 1927.

Petition for Rehearing Denied July 2, 1927.

No. 4575.

1. **Equity** ⊜148(3)—**Bill by surviving partner against widow of deceased partner, individually and as executrix, to set aside dissolution agreement and conveyances, for appointment of receiver and other relief, held multifarious.**

Bill by surviving partner against widow of deceased partner, individually and as executrix of his estate, to set aside partnership dissolution agreement, to set aside conveyances by deceased partner to his wife, for accounting and appointment of receiver, and to recover amounts claimed to be due on account of payment of debts assumed by deceased partner and for other relief, *held* grossly multifarious.

2. **Appeal and error** ⊜193(2)—**Objection that bill was multifarious cannot be first raised on appeal.**

Objection that bill by surviving partner against widow of deceased partner, individually and as executrix, was grossly multifarious could not be raised for first time on appeal.

3. **Partnership** ⊜258(7)—**Bill against widow and executrix of deceased partner for cancellation of conveyances and dissolution agreement, receiver, and other relief, held wanting in equity.**

Bill by surviving partner against widow of deceased partner individually and as executrix, praying appointment of receiver, setting aside agreement for dissolution of partnership, cancellation of conveyances by deceased partner to his wife, and praying recovery on various claims and other relief, *held* properly dismissed for want of equity.

Appeal from Supreme Court of District of Columbia.

Suit by Garfield A. Street against Emily M. Stubblefield, individually and as executrix of the estate of Thomas W. Stubblefield, deceased. From a decree dismissing bill for want of equity, plaintiff appeals. Affirmed.

C. H. Merillat, of Washington, D. C., for appellant.

E. C. Brandenburg and L. M. Denit, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. An appeal from a decree dismissing plaintiff's bill of complaint upon motion of defendant for want of equity. The bill is very lengthy, and consists in large part of irrelevant narratives and recitals of evidence, rather than statements of ultimate facts. The material allegations contained in it are in substance as follows:

Thomas W. Stubblefield, a resident of the District of Columbia, departed this life testate on August 19, 1925, and defendant, Emily M. Stubblefield, his widow, became the executrix of his estate by appointment of the Supreme Court of the District sitting as a probate court. The executrix reported the estate as insolvent, but this statement is denied by plaintiff. It is alleged that on September 20, 1922, Stubblefield and plaintiff formed a copartnership, by written agreement, to engage in the real estate and loan business in the District of Columbia, to continue for five years; plaintiff to have a two-fifths interest and Stubblefield the remaining three-fifths interest therein. The partnership business was thereafter continued until February 16, 1924, when it was dissolved by written agreement between the parties. By the terms of this agreement plaintiff received various items of property in settlement of his interest in the copartnership, one of these being the Chateau Thierry apartment house. There were at the time three trusts upon this property, a first trust for $130,000, which plaintiff assumed to pay, and two others, for $68,210.06 and $75,500, respectively, which last two trusts Stubblefield agreed to pay as the installments thereof matured, stipulating however that full payment should be made of both not later than July, 1925, at which time the first trust became payable. All other assets of the copartnership were to become the sole property of Stubblefield, who was to discharge all obligations of the firm. Appropriate deeds were drawn and delivered between the parties, carrying this agreement into effect. Plaintiff claims that Stubblefield failed to pay all installments falling due upon the second and third trusts on the Chateau Thierry property, as stipulated by him, and that plaintiff was compelled to pay $4,400 from his own means thereon, in order to prevent a foreclosure of the trusts.

Afterwards, to wit on December 7, 1924, an arrangement was made between the parties whereby Stubblefield satisfied the third trust in full and plaintiff disposed of the Chateau Thierry property, subject to the second trust. Plaintiff's allegations concerning this arrangement are not clear, but their fair import is that Stubblefield was thereupon released from making any further payments upon the second trust. Plaintiff claims that, after the dissolution of the partnership, Stubblefield conveyed to defendant, his wife, as her separate estate, certain described real estate of great value, without consideration, and for the purpose of defrauding plaintiff and his creditors in the collection of their

claims, and that this was done without the knowledge of plaintiff who but recently learned of the fact. Plaintiff asserts a claim against Stubblefield's estate, the amount of which is not specified, growing out of decedent's failure to pay the trusts aforesaid, and also a claim for compensation, the amount of which is not specified, because of personal services rendered for Stubblefield after the dissolution of the copartnership in respect to other transactions in which the latter was interested.

Plaintiff prays that a receiver pendente lite be appointed to take charge of all the property and assets belonging to the estate of decedent, and of all property and assets conveyed or attempted to be conveyed by decedent to his wife during the year 1924 and subsequently, not heretofore conveyed to innocent purchasers; that the defendant be enjoined from selling or incumbering any of said property; that the agreement of dissolution of the copartnership aforesaid be set aside and an accounting be had of the copartnership "or in the alternative as plaintiff may elect, or the court deem just and proper, that an accounting be had and a decree rendered in favor of plaintiff for all amounts expended by him subsequent to dissolution of partnership in payment of overdue second and third trusts on Chateau Thierry, and the value of the balance of said second and third trusts and for services rendered by plaintiff to Thomas W. Stubblefield." Plaintiff furthermore prays "that all real estate of record in the name of Emily M. Stubblefield, as herein set forth, or the proceeds of same, and all assets of Thomas W. Stubblefield be marshaled with the assets of record in the estate of Thomas W. Stubblefield, and held for and administered for the benefit of plaintiff and all other creditors of Thomas W. Stubblefield"; also "that plaintiff be decreed entitled to an undivided two-fifths interest in all the real estate herein described which formed part of the assets of the copartnership of T. W. Stubblefield & Company, and all other assets of the partnership, and be decreed entitled to a lien on any and all real estate held during the partnership in the name of Thomas W. Stubblefield, to the extent that said real estate received benefits from the partnership assets or the proceeds thereof"; also "that all deeds by T. W. Stubblefield to Emily M. Stubblefield recorded subsequent to February 16, 1924, be set aside and declared null and void as in fraud of plaintiff and other creditors"; and for other relief.

The defendant filed a motion in the lower court to strike out various parts of the bill as scandalous, impertinent, and in violation of rule No. 4 of the equity rules of the court. This motion came on to be heard, whereupon it was agreed that it should be considered by the court as a motion to dismiss the bill of complaint. The court sustained the motion, and dismissed the bill "for want of equity." This appeal was then taken.

[1] The appellee contends that the dismissal of the bill was justified because of its multifariousness. We agree that the bill is grossly multifarious, for it improperly joins together distinct and independent causes, and seeks inconsistent and contradictory forms of relief. Ambler v. Archer, 1 App. D. C. 94; 21 C. J. 408; Stokes v. Burns, 132 Mo. 214, 33 S. W. 460; St. Louis, etc., v. Terre Haute (C. C.) 33 F. 440; Moog v. Talcott, 72 Ala. 210; Emmons v. National Mut. B. & L. Ass'n (C. C. A.) 135 F. 689. If the objection of multifariousness had been raised by the defendant in the lower court, the court would have been justified in dismissing the bill for that cause.

[2] This objection, however, was not raised in the lower court, and it cannot, therefore, be considered here. "The objection of multifariousness will not be entertained, when raised for the first time at the hearing of the cause in the Court of Appeals." Ashton v. Ashton, 35 Md. 496. In 16 Cyc. 255, it is said: "The proper remedy for multifariousness is by demurrer on that ground. If defendant does not demur, he waives the objection. * * * The defect will not be considered on appeal if not raised in the lower court." The motion to dismiss below took the place of a demurrer, but it was not based upon the objection of multifariousness. It is true that the motion was not reduced to writing, but was simply considered by the court as filed; it is nevertheless apparent, from the defendant's motion to strike and the language of the court's decision, that the point was not actually raised nor considered below.

[3] We think, however, that the bill fails to show any right to equitable relief, and that it was rightly dismissed "for want of equity." As for the prayer for a rescission of the dissolution contract, no sufficient ground is stated for such a rescission, nor is it possible for the court to restore the status of the parties existing at the time when that contract was made. The plaintiff himself cannot restore to the partnership the consideration received by him as provided by the dissolution contract, for he has since conveyed away the Chateau

Thierry property. Besides, it is clear that under the circumstances disclosed by the bill, such a claim is barred both by subsequent confirmation of the dissolution contract by plaintiff, and by laches on his part. Grymes v. Sanders, 93 U. S. 55, 62, 23 L. Ed. 798.

Nor do we think that the bill sets out any debt due to plaintiff, arising under the dissolution contract, which is entitled to an accounting and decree in equity. The only actual and subsisting debt which is definitely stated in the bill is an aggregate sum due to plaintiff because of Stubblefield's failure to pay certain installments upon the second and third trusts aforesaid. As for the residue owing from Stubblefield to plaintiff upon these trusts, the debt in such case was extinguished when the third trust was paid by Stubblefield before its maturity, as a consideration for the release of his obligation to pay the second trust.

As for the claim that the allegations of the bill were sufficient to require the court to try the issue whether certain conveyances of real estate were made by decedent to his wife in 1924 and afterwards, for the purpose of defrauding plaintiff and other creditors, it is our opinion that the lower court was not required to take jurisdiction of this claim, for it is substantially stated in the bill that de-cedent's estate will be solvent, if the sums due it from the executrix be properly charged against her in the inventory of the estate. Plaintiff's remedy in such case may best be sought in the probate court. Section 317 et seq. D. C. Code. In Mann v. MacDonald, 3 App. D. C. 456, 460, Mr. Chief Justice Alvey, speaking for the court, said:

"As against the administratrix, however, there is no necessity for resort to a court of equity for either discovery or account, in respect to the assets of the estate of the deceased. The orphans' court, or rather the Supreme Court of the District, in the exercise of the orphans' court jurisdiction, has very ample power and jurisdiction over the subject, given by express provisions of the Testamentary Act of Maryland in 1798, c. 101, subch. 6, §§ 8, 10, and 13, and section 16 of subchapter 15. By these provisions of the statute any creditor, legatee, or distributee of the estate of the deceased, may invoke the aid of the orphans' court to compel the executor or administrator to charge himself or herself with assets of the deceased improperly omitted from the inventory; and that court has jurisdiction, and may adjudicate as between such parties upon the question, as effectually as a court of equity could do."

The decree of the lower court is affirmed, with costs.