VITO MININNI

*vs.*

INHABITANTS OF THE CITY OF BIDDEFORD

York.   Opinion, October 14, 1949.

*Lausier & Donahue,*
*William P. Donahue,* for respondent.

*Waterhouse, Spencer & Carroll,* for petitioner.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

THAXTER, J.   This case is before us on appeal from an order of a justice of the Superior Court vacating a final decree which he had rendered on a bill in equity brought by the present defendant against the petitioner and his wife.

This defendant, a municipal corporation, on July 31, 1945 filed a bill in equity against the petitioner and his wife seeking a mandatory injunction to compel them to remove from a building alleged to be owned by them in the City of Bidde-

ford certain materials added to the outside walls of the building. The basis for the relief sought was that no permit for the improvements had been issued in accordance with sections 10 and 13 of chapter 11 of an ordinance of the City of Biddeford. Therefore it was claimed that the building with such improvements constituted a nuisance. The defendants in that action were enjoined from making any transfer of the property pending a hearing on the bill. On January 14, 1947, more than two years after the filing of the bill, the City of Biddeford moved to take it *pro confesso* against Vito Mininni for want of appearance and answer and on the same day a decree *pro confesso* was filed. It is doubtful if this procedure was a compliance with either section 14 or section 15 of R. S., 1944, Chap. 95, but the deviation from the statutory provisions is not of importance under the circumstances of this case. See also *Glover* v. *Jones*, 95 Me. 303; 49 A. 1104. On February 25, 1947 a final decree was entered which required the owner to remove the materials which had been added to the outside walls of the building without a permit having been obtained therefor. Nothing further happened until August 11, 1948, when a petition was filed by Vito Mininni that the decree be vacated on the ground that the petitioner had no knowledge that the contractor whom he employed to do the work on the building had not obtained the permit for the work, that the building did not constitute a public or private nuisance, and that to compel the petitioner to remove the materials constituted an undue hardship on him. Notice of hearing on this petition for August 11, 1948 was ordered to be given to the City of Biddeford. No report of what took place at the hearing appears in the record before us, but after reciting that due to hardship and loss resulting to the petitioner if the decree should be enforced, it was ordered vacated. From such ruling this appeal was taken.

The burden is on the appellant to show that the order vacating the decree was erroneous. We are left in the dark as to the real reason why it was vacated. We do not, how-

ever, need to speculate as to reasons; for the officer's return of service on the bill does not show that service of the subpoena was ever made. A default should not have been entered under these circumstances. On the record before us, the sitting justice was without jurisdiction to enter a decree against the defendants. Because of that without more the order vacating the decree was proper.

*Appeal dismissed.*